**Guttilla Murphy Anderson**
Ryan W. Anderson (Ariz. No. 020974)
5415 E. High St., Suite 200
Phoenix, Arizona 85054
Email: randerson@gamlaw.com
Phone: (480) 304-8300
Fax: (480) 304-8301

Attorneys for the Dina L. Anderson, the Chapter 7 Trustee

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In Re: | Chapter 7 |
| EVEN STEVENS SANDWICHES, LLC, *et al.*, | Case No. 2:19-bk-03236-DPC |
| Debtors. | Adv. No. _____ |
| DINA L. ANDERSON, Chapter 7 Trustee, | **COMPLAINT FOR BREACH OF CONTRACT AND TURNOVER OF PROPERTY OF THE ESTATE UNDER SECTION 542(b) OF THE BANKRUPTCY CODE** |
| Plaintiff, | |
| v. | |
| Even Stevens Acquisition Partners, LLC, a Utah Limited Liability Company; Even Stevens Operations, LLC, an Oregon Limited Liability Company; Headwaters Concepts, LLC, an Oregon Limited Liability Company; and Brooks and Jane Doe Pickering. | |
| Defendant. | |

Dina L. Anderson, the Chapter 7 Trustee in Case No. 2:19-bk-03236-DPC ("Plaintiff" or "Trustee") by and through undersigned counsel brings this adversary complaint to recover money and property belonging to the bankruptcy estate of Even Stevens Sandwiches, LLC et al.

Guttilla Murphy Anderson, P.C.
5415 E. High Street, Suite 200
Phoenix, AZ 85054
(480) 304-8300

Gutilla Murphy Anderson, P.C.
5415 E. High Street, Suite 200
Phoenix, AZ 85054
(480) 304-8300

## PARTIES

1.      Plaintiff is the Chapter 7 Trustee in Even Stevens Sandwiches, LLC, Case No. 2:19-bk-03236-DPC.

2.      Defendant Even Stevens Acquisition Partners, LLC, is a defunct Utah limited liability company.  Defendant Even Stevens Acquisition Partners, LLC has had its corporate status in Utah deemed "expired" as of August 24, 2022 due to its failure to file a renewal.

3.      Defendant Even Stevens Operations, LLC, is an Oregon limited liability company.  Defendant Even Stevens Operations, LLC is located at 301 SE 2nd Ave, Portland Oregon.  Defendant Brooks Pickering is the Manager of Defendant Even Stevens Operations, LLC.

4.      Defendant Headwater Concepts, LLC, is an Oregon limited liability company. Defendant Headwater Concepts, LLC is located at 301 SE 2nd Ave, Portland Oregon. Defendant Brooks Pickering is the Manager of Defendant Headwater Concepts, LLC.

5.      Defendant Brooks Pickering and Jane Doe Pickering are natural persons residing in Portland, Oregon and Murray, Utah.

6.      Upon information and belief, Brooks Pickering and Jane Doe Pickering are husband and wife and at all relevant times to the Complaint were acting on behalf of their marital community.  The true and correct name of Jane Doe Pickering is not presently known to the Trustee.  The Trustee will request leave of the Court to amend this Complaint at such time as her true name becomes known to the Committee, as and if necessary.

Gutilla Murphy Anderson, P.C.
5415 E. High Street, Suite 200
Phoenix, AZ 85054
(480) 304-8300

1

## JURISDICTION AND VENUE

2      7.      This Court has subject matter jurisdiction over this proceeding pursuant to 28

3   U.S.C. §§ 157 and 1334.

4      8.      This adversary proceeding arises in and relates to the Debtor's jointly

5   administered bankruptcy cases, which were filed in this Court on March 21, 2019 and March

6   26, 2019.

7      9.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

8      10.     This adversary is a core proceeding pursuant to 28 U.S.C. §157(b)(2).

9      11.     The Trustee hereby reserves the right to amend this Complaint to assert

10  additional claims and causes of action, including, but not limited to, those identified through

11  discovery and any affirmative defenses in the Defendants' pleadings, if any.

12                    ## FACTUAL ALLEGATIONS

13     12.     On March 21, 2019, Even Stevens Sandwiches, LLC ("Debtor") filed a Chapter

14  11 bankruptcy case.

15     13.     On September 28, 2020, the United States Trustee filed its *Motion to Convert*

16  *or Dismiss*.  *See* Docket No. 567.

17     14.     On May 6, 2021, the case was converted to a Chapter 7 and Dina L. Anderson

18  was appointed as Chapter 7 Trustee ("Trustee").

19     15.     On July 15, 2021, the Court entered an Order: (1) Authorizing the Sale of

20  Property Free and Clear of All Liens, Claims, Encumbrances, and Other Interest; (2)

21  Approving Assumption, Assignment, and Sale of Certain Executory Contracts and Unexpired

22  Leases; and (3) Granting Related Relief (*See* Docket No. 744) approving sale of substantially

Guttilla Murphy Anderson, P.C.
5415 E. High Street, Suite 200
Phoenix, AZ 85054
(480) 304-8300

all of the Debtor's assets under terms of an Asset Purchase Agreement with Even Stevens Acquisition Partners, LLC.

16. The sale price owed as of that Order (July 15, 2021) was $2,800,000 and 25% of the net cash on hand.

17. Between July 2021 and February 2022, Defendant Even Stevens Acquisition Partners, LLC paid the Trustee $1,125,000.

18. On April 8, 2022, the Trustee filed her *Motion for Approval of Amendment to Asset Purchase Agreement* which sought approval of the 7th Amendment to the Asset Purchase Agreement. *See* Docket No. 832. The 7th Amendment, among other things, concluded the sale and provided Even Stevens Acquisition Partners, LLC up to twelve (12) months to pay the remaining balance of purchase price in exchange for additional consideration (increased to $3,000,000) and additional security in the form of a secured promissory note personally guaranteed by Defendant Brooks Pickering.

19. Therefore, as of April 8, 2022, the balance due on the purchase price was increased to $3,000,000 and 100% of the net cash on hand.

20. A critical element of the 7th Amendment is that the Trustee was authorized to immediately apply the $1,125,000 of the sale proceeds and all future payments received from Even Stevens Acquisition Partners, LLC against the purchase price and use such funds to pay creditors in accordance with the priority scheme of the Bankruptcy Code.

21. On June 10, 2022, the Trustee sought authority to pay Take 2, LLC filed its administrative proof of claim. *See* Claim No. 157.

Guttilla Murphy Anderson, P.C.
5415 E. High Street, Suite 200
Phoenix, AZ 85054
(480) 304-8300

22.     As set forth in the *Trustee's Motion to Approve Payment of Administrative Expenses*, the Trustee under 11 U.S.C. § 503(a) and (b), and 11 U.S.C. § 507(a)(2) sought payment to Take 2, LLC, as a priority Chapter 11 administrative expense in the amount of $437,125.

23.     In January 2023, the Trustee paid the previously approved Chapter 11 administrative claims of the Chapter 11 professionals totaling $679,463.91.

24.     However, after Defendants former secured lender (Take 2, LLC) was paid in full and Defendants' former Chapter 11 professionals were paid in full, the Defendants began a systematic campaign of making untimely or partial payments to the Trustee.

25.     Between September 2022 and December 2022, the Trustee received periodic payments totaling $92,330 from Defendant Even Stevens Acquisition Partners, LLC, Defendant Even Stevens Operations, LLC, and Defendant Headwater Concepts, LLC.

26.     In April of 2023, the Plaintiff finalized a series of assignments and assumption of leases and contracts.  All of the assignments were in favor of Defendant Even Stevens Operations, LLC.

27.     Upon information and belief, Defendant Brooks Pickering comingled the assets acquired by Even Stevens Acquisition Partners, LLC under the Asset Purchase Agreement and assigned and transferred the assets to Defendant Even Stevens Operations, LLC and Defendant Headwater Concepts, LLC.

28.     Despite a series of promises to repay the amounts of the Plaintiff, on October 20, 2023, Plaintiff made demand on Defendants for full outstanding payment of $2,290,252.25 ("Amount Due").

29. Defendants acknowledged the Trustee's demand, but have not made any payment to the Trustee.

**COUNT ONE**
**(BREACH OF CONTRACT- ASSET PURCHASE AGREEMENT)**
**(Defendant Even Stevens Acquisition Partners, LLC; Defendant Even Stevens Operations, LLC and Defendant Headwater Concepts, LLC)**

30. Plaintiff incorporates the above allegations as though stated herein.

31. The Asset Purchase Agreement is a contract between the Trustee and the Defendants.

32. The Trustee and the Defendants entered into seven separate amendments to the Asset Purchase Agreement.

33. The Trustee has performed her obligations under the terms of the Asset Purchase Agreement.

34. The Defendants have breached the Asset Purchase Agreement by failing to make timely payment to the Trustee of the full purchase price.

35. Upon information and belief, Defendant Brooks Pickering comingled the assets acquired by Even Stevens Acquisition Partners, LLC under the Asset Purchase Agreement and assigned and transferred the assets to Defendant Even Stevens Operations, LLC and Defendant Headwater Concepts, LLC.

36. Defendants' breach of the Asset Purchase Agreement has damaged the Trustee and the Even Stevens Bankruptcy estate in an amount to be proven at trial, but not less than $2,290,252.25.

Guttilla Murphy Anderson, P.C.
5415 E. High Street, Suite 200
Phoenix, AZ 85054
(480) 304-8300

Case 2:23-ap-00239-DPC    Doc 1    Filed 12/04/23    Entered 12/04/23 14:55:51    Desc
Main Document    Page 6 of 10

Guttila Murphy Anderson, P.C.
5415 E. High Street, Suite 200
Phoenix, AZ 85054
(480) 304-8300

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

## COUNT TWO
### (BREACH OF CONTRACT- SECURED PROMISSORY NOTE)
**(Defendant Even Stevens Acquisition Partners, LLC; Defendant Even Stevens Operations, LLC and Defendant Headwater Concepts, LLC)**

37.     Plaintiff incorporates the above allegations stated herein.

38.     On April 4, 2022, in conjunction with the Asset Purchase Agreement, Defendant Even Stevens Acquisition Partners, LLC executed a Secured Promissory Note in favor of the Plaintiff ("Secured Promissory Note").

39.     The Secured Promissory Note is a contract between the Trustee and the Defendant.

40.     Under the terms of the Secured Promissory Note, Defendant Even Stevens Acquisition Partners, LLC was obligated to pay the Plaintiff $1,950,000.00 on April 1, 2023.

41.     Under the terms of the Secured Promissory Note, Defendant Even Stevens Acquisition Partners, LLC granted to Plaintiff a security interest and lien in all assets of Defendant Even Stevens Acquisition Partners, LLC, which at the time the Secured Promissory Note was executed included a series of operating restaurants.

42.     Upon information and belief, and in direct contravention of the terms of the Secured Promissory Note, Defendant Brooks Pickering comingled the assets acquired by Even Stevens Acquisition Partners, LLC under the Asset Purchase Agreement and assigned and transferred the assets to Defendant Even Stevens Operations, LLC and Defendant Headwater Concepts, LLC.

Guttilla Murphy Anderson, P.C.
5415 E. High Street, Suite 200
Phoenix, AZ 85054
(480) 304-8300

43.     Under the terms of the Secured Promissory Note, if payment was not made when the Secured Promissory Note was due, its outstanding balance accrued interest at the rate of 20% per annum.

44.     The Defendants have breached the Secured Promissory Note by failing to make timely payment to the Trustee of the Amounts Due.

45.     Defendants' breach of the Secured Promissory Note has damaged the Plaintiff and the Even Stevens Bankruptcy estate in an amount to be proven at trial, but not less than $2,290,252.25, plus the 20% default amount.

46.     The Secured Promissory Note is a written contract between the Plaintiff and Defendant Even Stevens Acquisition Partners, LLC.  Under prevailing law, the Plaintiff is entitled to an award of its attorneys' fees, expenses and costs incurred in enforcing the Secured Promissory Note.

### COUNT THREE
### (TURNOVER OF BANKRUPTCY ESTATE PROPERTY PURSUANT TO 11 U.S.C. § 542(B))
### (Defendant Even Stevens Acquisition Partners, LLC; Defendant Even Stevens Operations, LLC and Defendant Headwater Concepts, LLC))

47.     Plaintiff incorporates the above allegations stated herein.

48.     Pursuant to the terms of the Asset Purchase Agreement and Secured Promissory Note, Defendants owe a debt to the Trustee of the Even Stevens Bankruptcy Estate.

49.     The debt, owed by the Defendants to the Trustee of the Even Stevens Bankruptcy Estate, is fully matured and due.

50.     The debt, owed by the Defendants to Trustee of the Even Stevens Bankruptcy Estate, is property of the Even Stevens Bankruptcy Estate.

51.     The Defendants have no claim for setoff regarding the amount of debt owed to the Even Stevens Bankruptcy Estate pursuant to the Settlement Agreement.

52.     Pursuant to 11 U.S.C § 542(b), Defendants shall immediately pay to the Trustee all amounts due and owing under the Asset Purchase Agreement and Secured Promissory Note in an amount to be proven at trial.

### COUNT FOUR
### (BREACH OF PERSONAL GUARANTEE)
### (Defendants Pickering)

53.     Plaintiff incorporates the above allegations stated herein.

54.     On April 4, 2022, Defendant Brooks Pickering signed a personal guarantee incorporated into the Secured Promissory Note in favor of the Plaintiff ("Personal Guarantee").

55.     The Personal Guarantee obligated Defendant Brooks Pickering to unconditionally and irrevocably guaranty the performance of Defendant Even Stevens Acquisition Partners, LLC under the terms of the Secured Promissory Note.

56.     Under the terms of the Secured Promissory Note, Defendant Even Stevens Acquisition Partners, LLC was obligated to pay the Plaintiff $1,950,000.00 on April 1, 2023.

57.     Defendant Even Stevens Acquisition Partners, LLC, has failed to make payments due under the Secured Promissory Note, thereby triggering Defendant Brooks Pickering's obligation to fully guarantee the Secured Promissory Note.

58.     The Personal Guarantee is a contract between the Trustee and Defendant Brooks Pickering.

Guttilla Murphy Anderson, P.C.
5415 E. High Street, Suite 200
Phoenix, AZ 85054
(480) 304-8300

Guttilla Murphy Anderson, P.C.
5415 E. High Street, Suite 200
Phoenix, AZ 85054
(480) 304-8300

59. Despite demand by the Plaintiff, Defendant Brooks Pickering has failed to make any payments on the Secured Promissory Note.

60. Defendant Brooks Pickering has breached his obligation under the Personal Guarantee by failing to make payment to Plaintiff.

61. Defendant Brooks Pickering's breach of the Personal Guarantee has damaged the Plaintiff and the Even Stevens Bankruptcy estate in an amount to be proven at trial, but not less than $2,290,252.25.

WHEREFORE, the Plaintiff prays for Judgment against Defendants as follows:

A. For compensatory damages in an amount to be proven at trial;

B. For a Court Order mandating Defendants immediately turnover the Amount Due and owing under the Asset Purchase Agreement and Secured Promissory Note;

C. For a judgment against Defendants Pickering in an amount to be proven at trial, but not less than $2,290,252.25;

D. For the Plaintiff's reasonable costs and attorney fees;

E. For pre and post-judgment interest; and

F. For such other and further relief as the Court deems equitable and proper.

RESPECTFULLY SUBMITTED this 4th day of December, 2023.

GUTTILLA MURPHY ANDERSON, P.C.

By: *Ryan W. Anderson*
   Ryan W. Anderson
   *Attorneys for Trustee*